IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LORENZO FIGUEREO**                                                **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO. 5:19-cv-84-DCB-MTP**

**WARDEN SHAWN R. GILLIS**                               **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Lorenzo Figuereo's Petition for Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied and that this matter be dismissed with prejudice.

## BACKGROUND

Petitioner, a citizen of the Dominican Republic, asserts that he has been held in custody by Immigration and Customs Enforcement ("ICE") in excess of six-months after he was issued a final removal order. Pet. [1]. He seeks to be released into the United States under supervision. Respondent counters that Petitioner's continued detention is reasonable because Petitioner has refused to cooperate with representatives from the Dominican Republic to issue his travel documents and the Government has issued several notices to Petitioner regarding his failure to comply.

It is unknown when or how Petitioner entered the United States. Resp. [9], Ex. A at 1. On April 14, 2017, Petitioner was sentenced to 24-months in prison following a conviction for aggravated identity theft. *Id.* On August 24, 2018, Petitioner entered ICE custody. *Id.* at 2. On October 19, 2018, an Immigration Judge ordered Petitioner removed to the Dominican Republic. *Id.*

1

Throughout his criminal proceedings and ICE custody, Petitioner sometimes claimed to be a United States citizen born in Puerto Rico and other times claimed to be a citizen of the Dominican Republic. *Id.* at 1-2. Petitioner now maintains that he is from the Dominican Republic. Reply [10] at 4.[1]

Respondent maintains that Petitioner cannot be removed to the Dominican Republic until travel documents are issued by the Dominican consulate. Respondent submitted a declaration from a Supervisory Detention and Deportation Officer which stated that on January 9, 2019; March 28, 2019; May 16, 2019; June 26, 2019; and August 8, 2019 Petitioner refused to be interviewed by officials from the Dominican Republic. Resp. [9], Ex. A at 2. The Respondent also attached to his Response [9] a Notice of Failure to Comply that Petitioner received on November 5, 2019. Resp. [9], Ex. C. The Notice informed Petitioner that his detention was being extended because he had previously been informed on six separate occasions that he had a responsibility to participate in the procurement of certain travel documents and he had failed to comply. *Id.*

Petitioner argues, however, that he participated in ten phone interviews with a representative from the Dominican Republic and that the Dominican Republic stated that it could not verify his identity.[2] He also submits that ICE transported him to the airport four times in an attempt to send him to the Dominican Republic, but he was unable to fly because he lacked the

---

[1] In his Reply [10], Petitioner states "[i]f at any time there is a statement where Petitioner claims to be a U.S.A. citizen, it might be because he misunderstood the question. Petitioner is under medication… and things happen sometimes." [10] at 6.

[2] Petitioner does not provide any supporting documentation for this assertion. He attaches a letter he wrote to the Ambassador for the Dominican Republic on December 7, 2019 requesting that they issue a denial of travel documents. No such documentation is attached to Plaintiff's Petition [1] or Reply [10].

2

requisite travel documents. Reply [10] at 1.  It is his position that he has cooperated with the removal process and ICE is not able to deport him in the reasonably foreseeable future.

The Petition [1] for habeas corpus was filed on September 10, 2019.  Shawn R. Gillis filed his Response [9] on December 6, 2019.  Petitioner then filed his Reply [10] on January 13, 2020.  This matter is now ripe for review.

## ANALYSIS

Petitioner alleges that he has remained in ICE custody beyond the presumptively reasonable six-month post-removal order period outlined in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  He also claims that it is unlikely that he will be removed from the country in the foreseeable future to the Dominican Republic.

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A), provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien.  The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable up to six months. *Zadvydas*, 533 U.S. at 701.  "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing."  *Id*.  This does not mean that every alien not removed after six months must be released.  *Id*.  "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*.

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists."  *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).  To meet his burden, "the alien's claim must be supported by more than mere speculation and conjecture."  *Galtogbah v. Sessions*, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation

3

omitted).  Conclusory statements are not enough to demonstrate that the alien will not be removed in the foreseeable future.  *Andrade*, 459 F.3d at 543.  "In order to shift the burden to the Government, an alien must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future.  *Galtogbah*, 2019 WL 3766280, at *2 (internal quotations and citation omitted).  The petition should be dismissed if the alien does not meet this initial burden.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th Cir. 2001).

Title 8 U.S.C. § 1231(a)(1)(C) provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

"An alien is not entitled to relief for a delay that he himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay."  *Lusanga v. Ramos*, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) (citing *Daniel v. Holder*, 2015 WL 5553670 (W.D. La. Aug. 18, 2015)); *see also Mytyuk v. Young*, 347 F. App'x 50, 51 (5th Cir. 2009); *Balogun v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (deliberately withholding information and obstructing INS tolls the six-month removal period).

Despite Petitioner's bare assertions, there is no evidence that the Dominican consulate is unable or unwilling to issue travel documents to him.  Petitioner claims that the Dominican Republic cannot identify him or issue travel documents, but he provides no evidence to support this claim and attempts to disregard Respondent's Failure to Comply letter, which outlines the many times he did not cooperate.  *See Hooks v. Lynch*, 639 F. App'x 229, 230 (5th Cir. 2016) (holding that despite petitioner's protests to the contrary the record demonstrated that he did not

4

comply with efforts to obtain travel documents). It is Petitioner's initial burden to demonstrate that some unique set of circumstances prevent him from being removed in the foreseeable future and he has not met that burden. *See Grifanov v. Sessions*, 2019 WL 2850561 (W.D. La. June 3, 2019) (denying habeas petition when alien failed to meet his burden to show it was unlikely that he would be removed).

Moreover, by refusing to cooperate to obtain the necessary travel documents, Petitioner has tolled the statutorily acceptable detention period. *See Francis v. Holder*, 2014 WL 4207593 (W.D. La. Aug. 25, 2014) (finding that alien's extended custody was due to his own refusal to speak with consulate). Petitioner's own efforts to thwart the removal process by failing to comply with ICE directives, refusing to cooperate with the Dominican consulate, and providing conflicting claims of citizenship preclude him from effectively arguing that his removal is not likely in the foreseeable future.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition [1] be DENIED and that this action be DISMISSED with prejudice.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 8th day of April, 2020.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge