IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

LORENZO FIGUEREO                                              PETITIONER

V.                          CIVIL ACTION NO. 5:19-cv-84-DCB-MTP

SHAWN GILLIS                                                  RESPONDENT

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 14], to which no objections have been filed. Having carefully reviewed the same, the Court finds the Report and Recommendation to be well taken and hereby adopts it as the findings and conclusion of this Court.

Petitioner, a citizen of the Dominican Republic, filed a Writ of Habeas Corpus asserting that he has been held in custody by Immigration and Custom Enforcement ("ICE") in excess of six-months after he was issued a final removal order. Petitioner seeks to be released into the United States under supervision. Respondent counters that Petitioner's continued detention is reasonable because Petitioner has refused to cooperate with representatives from the Dominican Republic to issue his travel documents, and the Government has issued several notices to Petitioner regarding his failure to comply.

1

The controlling statute in this case, 8 U.S.C. § 1231(a)(1)(A) provides that the Attorney General has 90 days after an order of removal becomes final to deport an alien. The Supreme Court has held that detention of aliens beyond this 90-day period is acceptable for up to six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). "After this 6-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing." Id. This does not mean that every alien not removed after six months must be released. Id. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

"The alien bears the initial burden of proof in showing that no such likelihood of removal exists." Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006). To meet his burden, "the alien's claim must be supported by more than mere speculation and conjecture." Galtogbah v. Sessions, 2019 WL 3766280, at *2 (W.D. La. June 18, 2019) (internal quotations and citation omitted). Conclusory statements are not enough to demonstrate that the alien will not be removed in the foreseeable future. Andrade, 459 F.3d at 543. "In order to shift the burden to the Government, an alien

2

must demonstrate that the circumstances of his status or the existence of the particular individual barriers to his repatriation to his country of origin are such that there is no significant likelihood of removal in the foreseeable future. Galtogbah, 2019 WL 3766280, at *2 (internal quotations and citation omitted). The petition should be dismissed if the alien does not meet this initial burden. See Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2001).

Furthermore, "an alien is not entitled to relief for a delay that he has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay." Lusanga v. Ramos, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) (citing Daniel v. Holder, 2015 WL 5553670 (W.D. La. Aug. 18, 2015)); see also Mytyuk v. Young, 347 F. App'x 50, 51 (5th Cir. 2009); Balogun *v. I.N.S.*, 9 F.3d 347, 351 (5th Cir. 1993) (deliberately withholding information and obstructing INS tolls the six-month removal period).

As stated by Magistrate Judge Parker, "despite [the] Petitioner's bare assertions, there is no evidence that the Dominican consulate is unable or unwilling to issue travel documents to him." [ECF 14 at 4]. Additionally, the Petitioner has failed to provide any evidence that the Dominican Republic cannot identify him or issue travel documents. Furthermore, the

3

Petitioner attempts to disregard the Respondent's failure to comply letter, which outlines the many times that he [the Petitioner] did not cooperate. See Hooks v. Lynch, 639 F. App'x 229, 230 (5th Cir. 2016) (holding that despite Petitioner's protests to the contrary, the record demonstrated that he did not comply with efforts to obtain travel documents). It is the Petitioner's initial burden to demonstrate that some unique set of circumstances prevent him from being removed in the foreseeable future, and he has not met that burden. See Grifanov v. Sessions, 2019 WL 2850561 (W.D. La. June 3, 2019) (denying habeas petition when alien failed to meet his burden to show it was unlikely that he would be removed).

Moreover, by refusing to cooperate in obtaining the necessary travel documents, the Petitioner has tolled the statutorily acceptable detention period. See Francis v. Holder, 2014 WL 4207593 (W.D. La. Aug. 25, 2014) (finding that alien's extended custody was due to his own refusal to speak with consulate). Petitioner's own efforts to thwart the removal process by failing to comply with ICE directives, refusing to cooperate with the Dominican consulate, and providing conflicting claims of citizenship preclude him from effectively arguing that his removal is not likely in the foreseeable future.

Accordingly,

4

IT IS HEREBY ORDERED AND ADJUDGED that Magistrate Judge Parker's Report and Recommendation [ECF No. 14] is ADOPTED as the findings and conclusion of this Court. It is further ordered THAT THE PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 1] IS DISMISSED with prejudice. A final judgment shall be entered on even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 8th day of June, 2020.

/S/ David Bramlette

UNITED STATES DISTRICT JUDGE